UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 13-10197-RWZ

TYRONE HUNT

v.

UNITED STATES DISTRICT COURT JUDGE EDWARD M. CHEN, ET AL.,

MEMORANDUM AND ORDER

February 20, 2013

ZOBEL, D.J.

On January 28, 2013, Tyrone Hunt, a resident of Washington, D.C., filed a four-page handwritten complaint against the United States District Court for the Northern District of California and one of its judges.  See Complaint ("Compl."), p. 1.  To the complaint, plaintiff attaches a copy of a January 11, 2013 Order declaring plaintiff a vexatious litigant.  Id.  For the reasons stated below, the Court grant's plaintiff's request to proceed in forma pauperis , dismisses this action, warns plaintiff of the Court's power to enjoin vexatious litigants and certifies that any appeal would not be taken in good faith.

BACKGROUND

Plaintiff brings this action against "a sitting jurist of the United States District Court for the Northern District of California, to interpret the magnificent document of the U.S. Constitution...."  Compl, p. 2.  By Order dated January 11, 2013, plaintiff was found to be a "vexatious litigant" because he had filed twenty-one lawsuits in the Northern District of California, many of which were dismissed for failure to state a claim.  See 01/11/13 Order, Docket No. 18, Hurt v. All Sweepstakes Contests, No. C-12-4197-

EMC (E.D. Calif. Jan. 11, 2013). In the instant action, plaintiff complains that his constitutional rights under the Eighth Amendment have been violated because his litigation was deemed to be frivolous. Id. Plaintiff references several dictionary definitions of frivolous. Id.

## DISCUSSION

### I.   Plaintiff's Request to Proceed In Forma Pauperis

In the "Affidavit of Poverty" section of the complaint, plaintiff requests leave to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. See 28 U.S.C. § 1915(a)(1). Plaintiff avers that because of his poverty he is unable to pay the filing fee. The motion to proceed in forma pauperis is allowed.

### II.   Screening of the Complaint

Because plaintiff has sought to proceed without the prepayment of the filing fee, the complaint is subject to review to determine if it satisfies the requirements of Section 1915 of Title 28, the federal in forma pauperis statute. See 28 U.S.C. § 1915. Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915 (e)(2); Neitzke v. Williams, 490 U.S. at 325; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001). Although

"dismissal on the court's own initiative, without affording the plaintiff either notice or an opportunity to be heard ... is disfavored in federal practice," where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," a dismissal sua sponte is appropriate. Id. at 36–37.

In conducting the preliminary screening, plaintiff's pro se pleadings are construed generously.  See Haines v. Kerner, 404 U.S. 519, 520 (1972);  Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

### III.   The Instant Action is Subject to Dismissal

Even construed liberally, plaintiff's complaint is subject to dismissal.  It appears that plaintiff seeks to appeal Judge Chen's January 11, 2013 Order.  However, this Court has no power to directly review the decisions of another United States District Court judge on appeal. See 28 U.S.C. § 1291 ("the courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States").

Moreover, the Court finds that granting plaintiff leave to amend would be futile. Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st Cir.2009) (motion for leave to amend "should be granted unless the amendment would be futile or reward undue delay.") citing Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir.2006)).

### IV.   Court's Power to Enjoin Vexatious Litigants

Although plaintiff, a resident of the District of Columbia, has filed cases in many federal courts, this is the second action filed in the District of Massachusetts.  His multiple lawsuits are vexatious and an abuse of the processes of this Court for the

administration of justice.[1]

Plaintiff is advised that a district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993)).

Under Rule 11, the Court may impose sanctions on an unrepresented party if he or she submits a pleading for an improper purpose or if the claims within it are frivolous or malicious. See Fed. R. Civ. P. 11(b)(1), (2); Eagle Eye Fishing Corp. v. Department of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) (pro se parties, like all parties and counsel, are required to comply with the Federal Rules of Civil Procedure); Pronav Charter II, Inc. v. Nolan, 206 F. Supp. 2d 46, 53 (D. Mass. 2002) (Rule 11 applies to pro se litigants) (citation omitted). Rule 11 exists, in part, to protect defendants and the Court from wasteful, frivolous and harassing lawsuits, and provides for sanctions as a deterrent. See Navarro-Ayala v. Nunez, 968 F.2d 1421, 1426 (1st Cir. 1992).

In addition to Rule 11, section 1927 of Title 28 provides for the imposition of costs and expenses, including attorneys' fees, against a person for unreasonable and vexatious litigation. Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United

---

[1] Vexatious conduct occurs where a party's actions are "frivolous, unreasonable, or without foundation." Local 285 Serv. Employees Int'l v. Nontuck Res. Assoc., Inc., 64 F.3d 735, 737 (1st Cir. 1995) (internal citations omitted); accord Alexander v. United States, 121 F.3d 312, 315-16 (7th Cir. 1997) (sanction appropriate when "objectively unreasonable litigation-multiplying conduct continues despite a warning to desist"). Vexatious conduct may be found even in the absence of subjective bad intent, Local 285 Serv. Employees Int'l, 64 F.3d at 737.

4

> States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Apart from authority under Rule 11 and section 1927, a district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior.  See Chambers v. Nasco, Inc., 501 U.S. 32, 46-50 (1991); accord United States v. Kouri-Perez, 187 F.3d 1, 6-8 (1st Cir. 1999) (same); John's Insulation, Inc. v. L. Addison & Assocs., 156 F.3d 101, 109 (1st Cir. 1998) (district court did not abuse its discretion in ordering dismissal of complaint and default judgment as a sanction for plaintiff's protracted delay and repeated violation of court's order under inherent powers rather than Rule 41).

Plaintiff is warned that he is subject to an injunction against filing further actions in this Court absent permission from a district judge, and/or to monetary sanctions should he make any additional frivolous and/or unreasonable submissions to this Court.

V.   Certification that any Appeal Would not be Taken in Good Faith

Based on Hunt's litigation history, and the failure of the complaint to state any cognizable federal claim, any appeal by Hunt of this matter would not be taken in good faith. Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Id. Similarly, under Fed. R. App. P. 24(a)(3), a party who has been permitted to proceed in forma pauperis in the district-court action may proceed on appeal in forma pauperis without further

authorization unless the district court certifies that the appeal is not taken in good faith. Id. Such a certification prohibits in forma pauperis status on appeal even though Hunt has been found to be indigent. This Court finds that any appeal would be one that plainly does not deserve additional judicial attention.

## ORDER

Based upon the foregoing, it is hereby ORDERED:

1. Plaintiff's request to proceed in forma pauperis is ALLOWED.

2. This action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. Plaintiff is warned that he could be enjoined from filing further actions in this Court absent permission from a district judge, and/or that he could be subject to monetary sanctions should he make any additional frivolous and/or unreasonable submissions to this Court.

4. The Court certifies that any appeal of this Memorandum and Order would not be taken in good faith.

SO ORDERED.

/s/ Rya W. Zobel
UNITED STATES DISTRICT JUDGE